UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



ADAC PLASTICS, INC. EMPLOYEE
BENEFITS PLAN and ADAC PLASTICS, INC.,

Plaintiffs,

v.

Civil Action No. 12-CV-15615-DT
Honorable Denise Page Hood

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION, DENYING MOTION FOR LEAVE TO FILE RESPONSE TO MOTION FOR RECONSIDERATION, MOOTING MOTION TO LIFT STAY, and SETTING SCHEDULING CONFERENCE DATE

This matter is before the Court on Defendant Blue Cross and Blue Shield of Michigan's Motion for Reconsideration of the Court's Order denying Blue Cross' Motion to Dismiss. Plaintiff ADAC Plastics, Inc. Employee Benefits Plan and ADAC Plastics, Inc. seek to file a response to the motion, which the Court denies.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon

shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Blue Cross is re-hashing the same arguments it made in its initial brief and at the hearing in this matter. The Court finds that Blue Cross has not demonstrated a palpable defect by which the Court was misled. The Sixth Circuit Court of Appeals recently issued its decision in the case involving the same issues and terms presented in this case, *Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Michigan,* ___ F.3d ___, 2014 WL 1910554 (6th Cir. May 14, 2014). The Sixth Circuit affirmed the Honorable Victoria A. Robert's judgment in favor of Hi-Lex. Specifically, the Sixth

2

Circuit agreed with Judge Roberts that the fraud and concealment exception to the statute of limitations applied in the case because Blue Cross concealed the fees at issue. *Id.* at *7-*8. Blue Cross' Motion to Dismiss was based on the statute of limitations argument.

Accordingly,

IT IS ORDERED that Defendant Blue Cross' Motion for Reconsideration **(Doc. No. 42)** is DENIED.

IT IS FURTHER ORDERED that ADAC's Motion for Leave to File a Response to the Motion for Reconsideration **(Doc. No. 44)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Lift Stay **(Doc. No. 43)** is MOOT, the Sixth Circuit Court of Appeals having issued its opinion on the related case as noted above.

IT IS FURTHER ORDERED that a Scheduling Conference is set in this matter for **Monday, August 18, 2014, 3:00 p.m.** A joint Rule 26(f) report must be filed by April 14, 2014.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: JUL 1 7 2014